UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IAN ALAN OLSON,

        Plaintiff,

v.

        Case No. 24-cv-333-pp

ERIC J. SEVERSON,

        Defendant.

# ORDER DECLINING TO ADOPT MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 7), CONSTRUING FILING AS CIVIL COMPLAINT (DKT. NO. 1), SCREENING COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE

On March 15, 2024, the clerk's office received from plaintiff Ian Alan Olson (who says he is currently "an inmate housed in the Waukesha County Jail") a letter addressed to Magistrate Judge Nancy Joseph. Dkt. No. 1. In the letter, the plaintiff alleges that the federal government is interfering with his state-court proceedings by subjecting him to an unlawful "federal hold." Dkt. No. 1. The clerk's office docketed the letter as a new petition for a writ of *habeas corpus* and opened the instant case. Approximately three weeks after receiving the plaintiff's letter, the court received from him a motion to proceed without prepaying the filing fee. Dkt. No. 4.

On April 12, 2024, Magistrate Judge William E. Duffin—to whom the case originally was assigned—ordered that "[i]nsofar as [the plaintiff's] letter can be construed as a petition for a writ of habeas corpus under 28 U.S.C.

1

§ 2241," the plaintiff's motion to proceed without prepaying the filing fee was granted. Dkt. No. 7. Judge Duffin also recommended that this court dismiss the petition because it failed to present any plausible claim for relief. Id. Judge Duffin recounted that the plaintiff "complains that he is being held in Waukesha County Jail on state charges and a federal hold," and "that he has not been brought over to federal court." Id. at 1. Judge Duffin observed that even "[a]ccepting as true that [the plaintiff] is subject to a federal hold, he would not be transferred to federal custody to be brought over to federal court until he was released from state custody whether on bond or following either conviction or dismissal of the pending state charges." Id. at 2. Judge Duffin wrote that Wisconsin Circuit Court records reflect that the plaintiff is being held in state custody in lieu of a $25,000 bond and that "the federal hold would not become effective until [the plaintiff] had posted that $25,000 bond, at which time, if he is in fact subject to a federal hold, he would be transferred to federal custody and appear before a federal magistrate judge." Id. Judge Duffin advised the plaintiff that he must file any written objections to the recommendation within fourteen days of service of the recommendation. Id. The fourteen-day deadline expired April 29, 2024; the court did not receive an objection from the plaintiff by that deadline and has not received an objection as of the date of this order.

The court agrees with Judge Duffin that if the plaintiff intended for his letter to be a petition for a writ of *habeas corpus* under 28 U.S.C. §2241, the court would have to dismiss it because it does not state a plausible claim for

2

relief. But it is not clear that the plaintiff intended his letter as a petition for a writ of *habeas corpus*. The letter does not mention the word "*habeas*," the plaintiff did not caption the letter as a *habeas* petition and the plaintiff did not use the court's form for *habeas* petitions under 28 U.S.C. §2241. The plaintiff also asked for relief that does not appear to be available to a *habeas* petitioner—a detention hearing, the filing of formal charges, removal of the "hold." Dkt. No. 1 at 2.

The Seventh Circuit has cautioned district courts to treat a *pro se* filing by an incarcerated person as what the person calls the filing—not what the court thinks the person should have called it. See, *e.g.*, Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (district court erred in recharacterizing a prisoner's *pro se* action for declaratory judgment as a *habeas* petition); Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997) (district court erred in converting a prisoner's *pro se* civil-rights action into a petition for *habeas* corpus). The Seventh Circuit explains that because "there are pitfalls of different kinds for prisoners using the wrong vehicle," district courts should "evaluate [a *pro se* prisoner's case] as he brought it." Bunn, 309 F.3d at 1007 (citing Moore, 110 F.3d at 23-24). For instance, "[i]f a person files a case as a civil rights action that should have been brought under the habeas corpus statutes, 'conversion' triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions." Id. On the other hand, "[i]f a person files a habeas corpus petition that should be presented under other statutes, he or she may become subject to the three-strikes rule of the P[rison Litigation

3

Reform Act] and somewhat different exhaustion requirements." Id. (citing Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000)).

Although the plaintiff did not characterize his letter as *anything*, the court will construe and screen the plaintiff's letter as a civil complaint rather than as a *habeas* petition.

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). Under the PLRA, the court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim under the PLRA, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

The plaintiff alleges that the FBI placed a federal hold on him on "the same day [he] had his First Bail reduction hearing in front of his state judge." Dkt. No. 1 at 1. He speculates that "[t]he FBI must have anticipated a ruling in [his] favor that day" because the federal hold "prevent[ed] [him] from fighting [his] state case out on Bail[.]" Id. The plaintiff asserts that "various sources, including .Gov websites," provide that "the Federal government has the ability to place a 14 Day Federal Hold against [him]," and that keeping the hold "against [him] even ONE day past those initial 14 days turns a legal and lawful act . . . into a[n] illegal and unlawful action/procedure that violates USCS 242, USCS 241, and USCS 2384." Id. He complains that as "of March 11th 2024 [he] has not been given a detention hearing [and] ha[s] [not] been formally charged with any crime by the Federal Government[.] Id. He says that the federal government also has not agreed "to lift the Federal Hold." Id. at 1-2. To "fix this illegal and unlawful action," the plaintiff asks that the court either hold a detention hearing to make the government convey to him and the court "their legal Justification and arguement [sic] for depriving [him] of [his] Freedom/Bail," or that formal charges be brought against him, "removing the

5

Hold by converting [him] from a State inmate into a Federal Inmate without Bail" or "[f]orce the FBI to lift the illegal and unlawful Federal Hold placed against [him] preventing them from continuing their pattern of abuse's of Power and Athority [sic]." Id. at 2.

It does not appear that the court has subject-matter jurisdiction over the plaintiff's case. "While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021).

Under 28 U.S.C. §1331, federal courts have jurisdiction over complaints alleging violations of federal law. "The well-pleaded complaint rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013)). The limited facts in the complaint do not raise a federal question. The plaintiff asserts that keeping a federal hold in place for more than fourteen days is an "illegal and unlawful action/procedure that violates many ethical standards and federal laws." Dkt. No. 1 at 1. But he does say which "ethical standards" he's referring to—and while he lists several "Federal laws," he cites only sections and not titles. Id. (*e.g.* "USCS 242, USCS 241, and USCS 2384"). The plaintiff also asserts that federal holds lasting longer than fourteen days are unlawful, but he does not provide any authority to support that assertion or link that assertion to a specific federal statute. And—as Judge Duffin

6

pointed out—that assertion is based on a misunderstanding about how federal holds operate. Dkt. No. 6 at 2 ("[T]he federal hold [against the plaintiff] would not become effective until he posted [his state-court] bond, at which time, if he is in fact subject to a federal hold, he would be transferred to federal custody and appear before a federal magistrate judge.").

Under 28 U.S.C. §1332, federal courts have jurisdiction over complaints asserting claims between parties who are citizens of different states which involve an amount in controversy exceeding $75,000. This is called "diversity jurisdiction." The plaintiff has not named any defendants (although he references the FBI) and does not identify the state of residency of any defendant. The complaint does not state sufficient facts to show that the court has diversity jurisdiction.

The court cannot determine that it has jurisdiction over the plaintiff's claims. Even if it did have jurisdiction, because the plaintiff has not provided any authority—statutes or otherwise—to support his claims or the relief he requests, the complaint does not state a claim for which a federal court may provide relief. The court must dismiss the complaint, and the case.

If the plaintiff still wishes to seek relief from this federal court, he should be aware of the following: if the plaintiff, as a pretrial detainee awaiting trial on state court charges, seeks to challenge the fact or duration of his pre-conviction detention, the proper way to do so is to file a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. If the plaintiff believes that an individual or individuals acting under color of state law (state employees)

violated his Constitutional rights or a federal law, the proper way to challenge that fact is to file a complaint under 42 U.S.C. §1983 that complies with Fed. R. Civ. P. 8. The complaint must contain a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). The plaintiff must identify the individuals he believes violated his rights, where the people worked when they violated his rights, what the people did to violate his rights, when they did it, where the violations occurred and—if he knows—why the people violated his rights. If the plaintiff is seeking relief from this federal court under some other theory, he must explain that theory in any pleading he files, and demonstrate that the court has either federal question or diversity jurisdiction.

The court **DECLINES** to adopt Judge Duffin's recommendation to dismiss the *habeas* petition. Dkt. No. 7.

The court **DIRECTS** the clerk's office to update the docket to reflect that the plaintiff's letter is a civil complaint, not a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.

<u>See</u> Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. <u>See</u> Fed. Rule of App. P. 4(a)(5)(A)). The appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* <u>See</u> Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 10th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**